## NATHAN GEORGE *vs.* POLLY WOOD.

If land which is subject to a mortgage is afterwards sold with full covenants of warranty in two different lots to different purchasers at different times, and the mortgagee afterwards enters upon both of these lots for the purpose of foreclosure, and the foreclosure becomes absolute as to the lot last sold, the owner of the lot sold first, upon a bill seasonably brought, may redeem upon paying the balance due upon the mortgage debt after deducting the full value of the other lot, with the buildings thereon; and it is immaterial that the buildings were erected after he had acquired his title.

In such case the balance due at the time when the foreclosure of the lot last sold became absolute should be ascertained, and interest computed on the same thereafter.

BILL IN EQUITY to redeem land from a mortgage. After the former decision in this case, reported in 9 Allen, 80, a master was appointed to state the account, and by his report the following facts appeared, which were agreed to by the parties as true:

On the 8th of August 1853 Nathaniel Chessman mortgaged to Asa Wood, the defendant's intestate, a lot of land consisting of the premises now sought to be redeemed and another lot called the Holmes lot. On the 12th of May 1855 Chessman mortgaged to the plaintiff the lot now sought to be redeemed, with covenants of warranty. At this time there were no buildings on the Holmes lot. On the 20th of March 1857 Chessman mortgaged to C. B. Holmes the Holmes lot, with covenants of warranty. At this time a building had been erected upon this lot by Chessman. On the 8th of December 1859 the defendant entered upon both of the lots, under the mortgage to her intestate (who meanwhile had died) for the purpose of foreclosure; and the foreclosure of the Holmes lot became absolute; but the

plaintiff filed the present bill to redeem his lot on the 5th of December 1862. On the 8th of December 1862 the value of the Holmes lot without the building was $900, and the value of the building was $500 more, making $1400 in all. The defendant never received any rents and profits till after December 8th 1862; and the master stated an account computing interest on the mortgage note up to that date, and deducting the sum of $1400 from the amount so found, and computing interest thereafter upon the balance; and so arrived at the sum which the plaintiff ought to pay in order to redeem. It was contended that this account ought to be made up with reference to the date of the hearing before the master; and he also stated an account made to that date.

The case was reserved for the determination of the whole court.

*P. E. Aldrich*, for the plaintiff.

*T. G. Kent*, for the defendant.

CHAPMAN, J. The principles on which this case depends are well settled in this commonwealth. It appears that the defendant's mortgage includes the plaintiff's lot and another called the Holmes lot. After making this mortgage to the defendant, the mortgagor Chessman made the plaintiff's mortgage with the usual covenants of a warranty deed. Chessman thereby became bound to save the plaintiff harmless from the defendant's mortgage, and as between them the plaintiff's debt became a charge upon the Holmes lot only. Chessman then erected the building on the Holmes lot; and being annexed to the realty, it was held by the defendant's mortgage as completely as the land on which it stood. While the property was in this condition, Chessman mortgaged the Holmes lot to Holmes, who took no better title as against the plaintiff than Chessman had. *Chase* v. *Woodbury*, 6 Cush. 143. *Bradley* v. *George*, 2 Allen, 392. *Welch* v. *Beers*, 8 Allen, 151. If Holmes had redeemed the defendant's mortgage, he would have had no claim on the plaintiff for contribution. If the plaintiff had redeemed it, he would have had a claim on the Holmes lot for the whole.

The defendant entered upon both lots, as he had a right to do

for foreclosure. Before the right of redemption expired, the plaintiff brought the present suit to redeem his lot, but Holmes allowed the foreclosure to be completed as to his lot. By this foreclosure the title to the Holmes lot became absolute in the defendant, and was thereby applied, at its value, to the payment of the defendant's debt. *West* v. *Chamberlin*, 8 Pick. 336. *Hedge* v. *Holmes*, 10 Pick. 380. To that extent the plaintiff's lot was thus relieved from the incumbrance. But as the defendant had not been in actual possession, taking the rents and profits, until his foreclosure was perfected, he is not bound to account for them. *Hunt* v. *Maynard*, 6 Pick. 489. After the land became his, the rents and profits were his by virtue of his ownership, and the plaintiff has no right to an account of them.

By the application of this land to the payment of the debt, the plaintiff has had all the benefit of it to which he is entitled. He is entitled to redeem his own lot by paying the balance due on the debt, the value of the Holmes lot being deducted from the debt at the time of perfecting of the foreclosure. The first account of the master being made up on this basis is correct; and the defendant is entitled to interest on the sum found due, till the time when the plaintiff shall redeem.